FILED'08 MAR 04 09:02USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JEFFREY J. RICE,

        Plaintiff,

v.

HSBC BANK, et al.,

        Defendants.

Case Number 08-3009-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge.

      On January 24, 2008, plaintiff was ordered to show cause why this case should not be remanded to state court for improper removal. Plaintiff responded to the order to show cause with several sets of documents which appear to be two different state court actions. The first state court action is entitled "SUMMONS RESIDENTIAL EVICTION/RETURN OF PERSONAL PROPERTY" and lists Household Finance Corporation II of Bellevue Washington as the plaintiff and Jeffrey Rice et al as the defendants, Case No. 080009C. (Plaintiff's Exhibit One). The second set of documents is entitled "PETITION IN THE NATURE OF A BONDED COMPLAINT AND JUDGMENT OF CONFESSION DEMAND FOR BILL OF PARTICULARS" and list Jeffrey John Rice as plaintiff and Stephen K. Green, CEO of HSBC

Page 1 - REPORT AND RECOMMENDATION

Household Finance II, et al as defendants, Case No. 07CV0955.

It is clear that Case No. 07CV0955 cannot be removed to federal court by plaintiff as he is the plaintiff in that action. 28 U.S.C. § 1446 allows only defendants to remove actions from state court, not plaintiffs. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). Therefore, to the extent that plaintiff is attempting to remove that case to federal court is should be remanded.

As to the second case, Case No. 080009C, under the well pleaded complaint doctrine, this case should be remanded to the state court for lack of jurisdiction.

Title 28 U.S.C. § 1441 permits removal of a state court proceeding to federal court if the federal court would have original jurisdiction over the action. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983).[1] In other words, a defendant may remove an action to federal court if there is a basis for diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331 and 1332. Diversity jurisdiction requires that the suit involve citizens of different states and the amount in controversy exceeds the sum of $75,000.00. 28 U.S.C. § 1332.

In this case, the "SUMMONS" shows that the plaintiff is from Washington and the defendant is from Oregon. However, there is no amount in controversy listed. Therefore, diversity jurisdiction cannot be established from the materials plaintiff provided the court.

---

[1]. 28 U.S.C. § 1441(a) states in pertinent part:

> "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending . . . ."

Page 2 - REPORT AND RECOMMENDATION

Absent diversity jurisdiction, "the propriety of removal turns on whether the case falls within the original `federal question' jurisdiction of the United States district courts." Franchise Tax, 463 U.S. at 8; See also Caterpillar, Inc., 482 U.S. at 392. The original federal question jurisdiction of the district court is defined by 28 U.S.C. § 1331. 28 U.S.C. § 1331 states that the "district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Franchise Tax, 463 U.S. at 8.

"[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under the federal law." Id. at 10. An action arises under federal law only when the plaintiff's statement of his own cause of action shows it is based on federal law. Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149 (1908). The "SUMMONS" in this case does not establish any basis for federal question jurisdiction.

The burden of establishing federal jurisdiction falls on the party seeking to remove the state proceeding. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The removal statute will be strictly construed against removal. Id. Plaintiff was given the opportunity to establish a basis for federal jurisdiction and failed to do so.

"In Burford v. Sun Oil Co., 319 U.S. 315, 322, 63 S.Ct. 1098, 1106-07, 87 L.Ed 1424 (1943), the Supreme Court held that when an issue 'clearly involves basic problems of [state] policy[,] . . . equitable discretion should be exercised to give the [state] courts the first opportunity to consider them'". Fireman's Fund ins. Co. v. Quackenbush, 87 F.3d 290, 296 99th Cir. 1996). In New Orleans Pub. Serv., Inc. v. Council of New Orleans (" NOPSI "), 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989), the Court summarized the controlling principles of the Burford doctrine: Where timely and adequate state-court review is

Page 3 - REPORT AND RECOMMENDATION

available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of a question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

NOPSI, 491 U.S. at 361.

In Tucker v. First Maryland Sav. & Loan, Inc., 942 F.2d 1401 (9th Cir.1991), the Ninth Circuit found that for the Burford abstention doctrine to be applicable the following factors are required: 1) the state must have concentrated suits involving the local issue in a particular court; 2) the federal issues must not be easily separable from complicated state law issues with which the state courts may have special competence; and 3) federal review might disrupt state efforts to establish a coherent policy. Id. at 1405. In addition, Burdford applies only to equitable actions. Space Age Fuels, Inc. v. Standard Oil Co. of California, 1996 WL 160741 (D.Or.).

This case involves an equitable action. Mr. Rice is requesting the federal court to stay a forcible entry and detainer action. The state has concentrated these suits in a particular court. Under ORS 105.110, forcible entry and detainer actions must be brought in the county where the property is located. The court also finds that federal review might disrupt state efforts to establish a coherent policy. Based upon the foregoing analysis, the court rules that, even if the court had original jurisdiction over this action, it would abstain from exercising such jurisdiction under the Burford abstention doctrine as Oregon has a comprehensive scheme governing Forcible Entry and Detainer actions, ORS 105.110-105.168. See Moos v. Wells, 585 F.Supp. 1348, 1349-1350 (D.C.N.Y. 1984).

## RECOMMENDATION

Based upon the foregoing, it is recommended that this case be remanded to state court.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on March 18, 2008. If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 4 day of March 2008.

_____
Mark D. Clarke
United States Magistrate Judge